UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-22046-CIV-LENARD/TURNOFF

**ST. HUGH WILLIAMS,**

    Plaintiff,

v.

**NCL (Bahamas) LTD., A BERMUDA COMPANY d/b/a NCL,**

    Defendant.
_____/

**OMNIBUS ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR REMAND (D.E. 14) AND DENYING AS MOOT DEFENDANT'S MOTION TO COMPEL ARBITRATION AND DISMISS CASE (D.E 6)**

**THIS CAUSE** is before the Court on Defendant NCL (Bahamas) Ltd.'s ("NCL") Motion to Dismiss and Compel Arbitration ("Motion to Compel," D.E. 6), filed on June 29, 2010, and Plaintiff St. Hugh Williams' ("Williams") Motion for Remand (D.E. 14), filed on July 8, 2010.[1]  Having considered the Motion to Compel, Motion for Remand, related pleadings and the record, the Court grants in part and denies in part Plaintiff's Motion for Remand and denies as moot Defendant's Motion to Compel for the following reasons.

---

[1] Williams' Motion to Remand also seeks attorney's fees. (*See* D.E. 15.)  Williams filed his Response to NCL's Motion to Compel (D.E. 13) on July 8, 2010 and a Reply in support of his Motion for Remand (D.E. 25) on August 12, 2010.  NCL filed a combined Reply in support of the Motion to Compel and Response in Opposition to the Motion to Remand (D.E. 23) on July 26, 2010, and Notice of Supplemental Authority (D.E. 27) on August 12, 2010.

## I. Background

Plaintiff St. Hugh Williams, a seaman injured during his employment aboard the *M/V Norwegian Sky*, brought the instant action in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, alleging: (1) negligence under the Jones Act, 46 U.S.C. § 30104; (2) unseaworthiness; (3) failure to provide maintenance and cure; and (4) failure to treat or provide adequate medical care. The Complaint alleges that on or about November 5, 2009, Williams "injured his left shoulder when he slipped on a wet and slippery steel step on a tender boat while carrying a box." (*See* "Complaint," D.E. 1-3 at ¶ 9.) Williams reported his injuries but was given painkillers and sent back to work, aggravating his condition. (*Id.* at ¶ 24.) Williams ultimately underwent surgery to treat his shoulder injury.[2] NCL then refused or failed to provide Williams with physical therapy after his surgery, further compromising his recovery. (*See id.*)

On June 22, 2010, NCL removed this action, arguing that Williams' claims are governed by nearly identical arbitration provisions in his Contract of Employment and collective bargaining agreement ("CBA") and therefore federal question jurisdiction exists pursuant to 9 U.S.C. § 202 (*See* Notice of Removal, D.E. 1 at ¶¶ 4-6 (the CBA is incorporated by reference in the employment contract).) The respective arbitration provisions, in relevant part, state:

> **12. ARBITRATION** - Seaman agrees, on his own behalf and on behalf of his heirs, executors and assigns, that any and all claims, grievances, and disputes

---

[2] No information regarding the shoulder surgery is provided in the Complaint.

-2-

> of any kind whatsoever relating to or in any way connected with the Seaman's shipboard employment with [NCL] including, but not limited to, claims such as personal injuries, Jones Act claims, actions for maintenance and cure, unseaworthiness, wages, or otherwise, no matter how described, pleaded or styled, and whether asserted against [NCL], Master, Employer, Ship Owner, Vessel or Vessel Operator, shall be referred to and resolved exclusively by binding arbitration pursuant to the United Nations Convention on Recognition and Enforcement of Foreign Arbitral Awards . . . The place of arbitration shall be the Seaman's country of citizenship, unless the arbitration is unavailable under the Convention in that country, in which case, and only in that case, said arbitration shall take place in Nassau, Bahamas.  The substantive law to be applied to the arbitration shall be the law of the flag state of the vessel . . .

(Contract of Employment, D.E. 1-2 at 2.)

> The [union], Seafarer, and NCL agree that all claims, grievances, and disputes of any kind whatsoever relating to or in any way connected with the Seaman's shipboard employment with [NCL] including, but not limited to, claims such as personal injuries, Jones Act claims, actions for maintenance and cure, unseaworthiness, wages, or otherwise, no matter how described, pleaded or styled, and whether asserted against [NCL], Master, Employer, Ship Owner, Vessel or Vessel Operator, and any complaints or disputes between the [union] and NCL not resolved through good faith negotiations shall be referred to and resolved exclusively by binding arbitration pursuant to the United Nations Convention on Recognition and Enforcement of Foreign Arbitral Awards. . .

(Article 8, Section 7(a) of CBA, D.E. 1-1 at 20.)  The parties do not dispute Williams' employment with NCL was governed by these provisions.  Williams is a Jamaican citizen and the *M/V Norwegian Sky* is flagged in the Bahamas.  Thus, pursuant to the arbitration provisions, any arbitration must take place in Jamaica or the Bahamas and apply Bahamian law.

NCL subsequently moved to compel arbitration of Williams' claims pursuant to the employment contract provisions and *Bautista v. Star Cruises*, 396 F.3d 1289 (11th Cir. 2005). Williams then moved to remand this case back to state court in its entirety, relying chiefly on

recent decisions in which courts in this District, following Thomas v. Carnival Corp., 573 F.3d 1113 (11th Cir. 2009), found similar arbitration provisions against NCL void. *See, e.g.*, *Sivinandi v. NCL (Bahamas) Ltd.*, 2010 WL 1875685 (S.D. Fla. Apr. 15, 2010) (Ungaro, J.), and *Watts v. NCL (Bahamas) Ltd.*, 2010 WL 2403107 (S.D. Fla. June 15, 2010) (Moreno, J.).

## II.     NCL's Motion to Compel and Williams' Motion for Remand

### A.     Defendant's Motion to Compel

NCL Motion to Compel argues that Plaintiff's claims must be compelled to arbitration pursuant to the employment agreement, the CBA, the United Nations Convention on the Enforcement and Recognition of Arbitral Awards, adopted June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 3 (the "Convention"), and the Eleventh Circuit's decision in *Bautista*. Defendant urges the Court to remand Plaintiff's non-statutory claims in the event the Court determines Plaintiff's Jones Act claim is not arbitrable.

In response, Williams urges the Court to remand instead of compel arbitration, relying heavily upon *Sivinandi* and *Watts* and their interpretation of *Thomas*. It is Williams' belief that the arbitration provisions are unenforceable pursuant to the Convention's affirmative defense in Article V(2)(b) that "[r]ecognition and enforcement of an arbitral award may also be refused if the competent authority in the country where recognition and enforcement is sought finds that ... the recognition or enforcement of the award would be contrary to the public policy of that country." Essentially, Williams argues the arbitration agreements' requirement that he arbitrate his Jones Act claim in Jamaica or the Bahamas, pursuant to Bahamian law, would strip him of his statutory rights under the Jones Act, eviscerate his

ability to recover on any of his common law claims, and thus would be contrary to public policy.

In reply, NCL attempts to distinguish this case from *Thomas*. First, NCL asserts that *Thomas* is limited to claims under the Seaman's Wage Act, which is not present here. Second, NCL argues that the existence of the CBA requires this Court to follow *Bautista*, not *Thomas*. Finally, NCL cites to two cases in this District where the court reached the opposite conclusion from *Sivinandi* and *Watts*. *See Pineda-Lindo v. NCL (Bahamas) Ltd.* 09-22926-CIV-GRAHAM (S.D. Fla. Dec. 18, 2009); *Henriquez v. NCL (Bahamas) Ltd.* 09-21950 (S.D. Fla. Nov. 18, 2009).

In the alternative, NCL requests that this Court bi-furcate Plaintiff's non-statutory claims and compel their arbitration, citing, *inter alia*, this Court's *Pavon v. Carnival Corp.* decision. *See* Case No. 09-22935-CV-LENARD (S.D. Fla. Jan. 20, 2010).

### B.     Plaintiff's Motion for Remand

Williams' Motion for Remand essentially reiterates his arguments submitted in response to the Motion to Compel and urges the Court to follow *Sivinandi* and *Watts*. NCL's Response to the Motion to Remand serves as its Reply in support of the Motion to Compel.

### III.    Discussion

The Convention "is a multi-lateral treaty that requires courts of a nation state to give effect to private agreements to arbitrate and to enforce arbitration awards made in other contracting states." *Thomas*, 573 F.3d at 1116. The United States enforces the Convention through Chapter 2 of the Federal Arbitration Act, also known as the "Convention Act," which

incorporates the terms of the Convention. *See* 9 U.S.C. §§ 202-208.

In deciding whether to compel arbitration under the Convention, the Court conducts a "very limited inquiry." *Bautista*, 396 F.3d at 1294 (citing *Francisco v. Stolt Achievement MT*, 293 F.3d 270, 273 (5th Cir. 2002)). Unless one of the Convention's affirmative defenses applies, the Court must order the parties to arbitrate if the following four jurisdictional prerequisites are met: (1) there is an agreement in writing to arbitrate the dispute; (2) the agreement provides for arbitration in the territory of a signatory of the Convention; (3) the agreement arises out of a legal relationship, whether contractual or not, that is considered commercial; and (4) a party to the agreement is not a citizen of the United States, or the commercial relationship has some reasonable relationship with one or more foreign states. *Thomas*, 573 F.3d at 1117; *Bautista*, 396 F.3d at 1294-95. As stated previously, Article V of the Convention provides that the "[r]ecognition and enforcement of an arbitral award may also be refused if the competent authority in the country where recognition and enforcement is sought finds that . . . the recognition or enforcement of the award would be contrary to the public policy of that country."

Here, there is no dispute that the four jurisdictional prerequisites have been satisfied. As other courts in this District have held, removal of the Jones Act negligence claims to enforce arbitration agreements is proper pursuant to the Convention. *See, e.g., Allen v. Royal Carribean Cruise, Ltd.,* 2008 WL 5095412 (S.D.Fla. Sept.30, 2008) (Ungaro, J.), *aff'd* 353 Fed. Appx. 360 (11th Cir. Nov.23, 2009). Accordingly, the Court finds that removal was proper under the Convention and now must determine the enforceability of the arbitration

provision.

Williams cites Article V(2)(b) of the Convention, arguing that the arbitration provision in this case is void as against public policy because it requires that Bahamian law apply, thereby precluding him from pursuing his statutory remedy under the Jones Act. Williams bolsters this argument with the affidavits of two Bahamian attorneys, Campbell Cleare III ("Cleare") and Ian Winder ("Winder"). (*See* Cleare Decl., D.E. 13-2; Winder Decl., D.E. 13-3.) Both Cleare and Winder opine on the lack of statutory provisions regulating recovery for personal injury to seamen under Bahamian law. (Cleare Decl. ¶ 7, Winder Decl. ¶¶ 4-5.) Bahamian law does not impose a continuing duty on an employer to reimburse an injured seaman's medical expenses, thus compromising Williams' maintenance and cure claim. (*See* Cleare Decl. ¶ 8.) Furthermore, review of an arbitration award under Bahamian law will not include a substantive review of the facts or merits of the award. (*See id.* ¶¶ 10-11.) NCL does not attempt to offer a different view of Bahamian law and its resulting impact on Williams' claims.

Williams also relies on the Eleventh Circuit's recent decision *Thomas v. Carnival*, 573 F.3d 1113 (11th Cir.2009). In *Thomas*, the Eleventh Circuit held that an arbitration clause that required a seaman to arbitrate his Seaman's Wage Act claim in the Philippines under Panamanian law was void as against public policy because the choice-of-law and choice-of-forum clauses worked in tandem to operate as a prospective waiver of the seaman's right to pursue his statutory remedies under U.S. law. 573 F.3d at 1123-24. In so holding, the Eleventh Circuit stated that arbitration clauses should be upheld only if it evident that (1) U.S.

law will definitely be applied, or (2) there is a possibility that U.S. law will be applied and there will be a subsequent opportunity for review. *Id.* at 1123 (citations omitted).

As in *Thomas*, no uncertainty exists as to the governing law – Bahamian – to be applied in the arbitration. *See, e.g., id.* at 1122-23 (noting that Panamanian law was the only possible governing law to be applied and choice of law is the important question). Consequently, the subsequent opportunity for review of the arbitrator's decision is irrelevant. *See id.* at 1123 (phrasing the second part of the consideration – possibility of application of U.S. law and subsequent review – in the conjunctive). Thus, the Court finds that Thomas appropriately governs the arbitration provision in this case. *Accord Pavon v. Carnival Corp.*, Case No. 09-22935-CV-LENARD (S.D.Fla. Jan. 20, 2010) (remanding seaman's Jones Act claims in part because to arbitrate such claims would contravene public policy where the Jones Act imposes strict liability on employers for the negligence of its employees); *Sivanandi*, 2010 WL 1875685 at *3; *see also Sorica v. Princess Cruise Lines, Ltd.*, Case No. 09-20917-CV-HUCK (S.D.Fla. Aug. 4, 2009) (recognizing that a provision providing for arbitration under Bermuda law in a Bermuda forum of a Jones Act claim is void under the *Thomas* analysis).

The Court declines to adopt NCL's narrow view of the *Thomas* decision, limiting it to only Seaman's Wage Act claims or claims arising under employment contracts not governed by a CBA. NCL has not provided, nor is the Court aware of, any authority in support of (1) why the right to bring a Wage Act claim should be afforded any more protection than the right to bring a Jones Act claim and (2) how the presence of a CBA changes the analysis of Article

V's affirmative defenses.

On the contrary, this Court agrees with Judge Gold's "holistic reading" of *Thomas*, applying the Eleventh Circuit's reasoning to the Jones Act and finding that the *Thomas* Court did not focus on the unique nature of the Wage Act in reaching its conclusion. *Cardoso v. Carnival Corp.*, 2010 WL 996528, *3 (S.D.Fla. Mar. 16, 2010) (Gold, J.) (finding that the choice-of-law and choice-of-forum provision, if applied in tandem, renders the arbitration agreement void as against public policy because the provisions operated as a prospective waiver of the seaman's Jones Act claim). Similarly, the *Bautista* Court did not focus on the existence of the CBA in reaching its conclusion to affirm the district court's grant of defendant's motion to compel. The Court's review of other cases NCL cites in support of this argument reveals that a CBA has no discernable effect on the analysis of Article V's affirmative defenses. *See, e.g., Lobo v. Celebrity Cruises, Inc.*, 488 F.3d 891 (11th Cir. 2007), *Francisco v. STOLT ACHIEVEMENT MT*, 293 F.3d 270 (5th Cir. 2002).

NCL removed this case solely on the grounds that the Court has jurisdiction pursuant to the Convention to enforce the arbitration agreement. (*See* Not. Of Removal ¶ 11.) Having concluded that the arbitration agreement should not be enforced, the Court finds remand is proper. *Beiser v. Weyler*, 284 F.3d 665, 675 (5th Cir.2002) ("If the district court decides that the arbitration clause does not provide a defense, and no other grounds for federal jurisdiction exist, the court must ordinarily remand the case back to state court."); *Sivanandi*, 2010 WL

1875685 at *5 (same); *Watt*, 2010 WL 2403107, *3 (same).[3]

Finally, the Court denies NCL's alternate request to bi-furcate Williams' claims, sending his non-statutory claims to arbitration in the Bahamas. The Court finds "that it would be inefficient . . . and improper" to do so, *Kovacs v. Carnival Corp.*, 2009 WL 4980277, *1 (S.D. Fla. Dec. 21, 2009) (Huck, J.) (granting motion for remand and declining to bi-furcate statutory and non-statutory claims), especially upon notice that Bahamian law might foreclose one or more of Williams' non-statutory causes of action.

## IV. Attorney's Fees

"Absent unusual circumstances, courts may award attorneys fees under 28 U.S.C. § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). As NCL has noted, there are post-*Thomas* decisions from in this District that have denied motions to remand under similar circumstances. Given the differing applications of *Thomas* to Jones Act claims in this District, the Court cannot conclude that NCL lacked an objectively reasonable basis for seeking removal. Thus, the Court denies Williams' request for fees and costs.

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Consistent with this Order, Plaintiff's Motion for Remand (D.E. 14), filed on July 8, 2010 is **GRANTED IN PART** (as to remand) **AND DENIED IN PART** (as to attorney's fees and costs);

---

[3] The Court acknowledges the *Pineda-Lindo* and *Henriquez* decisions and respectfully disagrees with their holding.

2. Defendant's Motion to Dismiss and Compel Arbitration (D.E. 6), filed on June 29, 2010, is **DENIED AS MOOT**;

3. This case is **REMANDED** to the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, pursuant to 28 U.S.C. § 1447(c), and the Clerk is directed to take all necessary steps and procedures to effect remand of the above-captioned action;

4. All pending motions are **DENIED AS MOOT**;

5. This case is now **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 31st day of March, 2011.

                                                     */s/ Joan A. Lenard*
                                                **JOAN A. LENARD**
                                      **UNITED STATES DISTRICT JUDGE**